IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA ORTIZ | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-3708 |
| | § | |
| ALFRED SINGER, THE STATE OF | § | JURY DEMANDED |
| TEXAS, TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, SAN FELIPE POLICE | § | |
| DEPARTMENT, CITY OF SAN FELIPE, | § | |
| SEALY POLICE DEPARTMENT, | § | |
| CITY OF SEALY, COLORADO COUNTY | § | |
| SHERIFF'S OFFICE, COLORADO | § | |
| COUNTY, AUSTIN COUNTY SHERIFF'S | § | |
| OFFICE, AUSTIN COUNTY, FAYETTE | § | |
| COUNTY SHERIFF'S OFFICE, | § | |
| FAYETTE COUNTY, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANT AUSTIN COUNTY'S NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL

Defendant files this notice of removal pursuant to 28 U.S.C. §1446(a).

### A.
### BACKGROUND

1.     Plaintiff is Barbara Ortiz.  Defendants are Alfred Singer, the State of Texas, the Texas Department of Public Safety, the San Felipe Police Department, the City of San Felipe, the Sealy Police Department, the City of Sealy, the Colorado County Sheriff's Office, Colorado County, the Austin County Sheriff's Office, Austin County, the Fayette County Sheriff's Office, and Fayette County.

2.     On December 1, 2016, Plaintiff sued Defendants in the 25th Judicial District Court of Colorado County, Texas.  Plaintiff's suit against Defendants was assigned Cause Number 24591.

Plaintiff alleged a claim of common negligence against Defendant Singer.  She sued the State of Texas, the Texas Department of Public Safety, the San Felipe Police Department, the City of San Felipe, the Sealy Police Department, the City of Sealy, the Colorado County Sheriff's Office, Colorado County, the Austin County Sheriff's Office, Austin County, the Fayette County Sheriff's Office, and Fayette County pursuant to Texas Civil Practice & Remedies Code § 101.001, *et. seq.*, and 42 U.S.C. § 1983 claiming excessive force, constitutionally-inadequate training, hiring, and supervision of officers, negligence, and wrongful death.

3.      Austin County files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).  *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).  No return of service has been filed in the Colorado County District Clerk's Office where this case is currently pending.  This case was removable to federal court when it was filed because it involves a federal question.

**B.**
**BASIS FOR REMOVAL**

4.      Removal is proper because plaintiff's suit involves a federal question.  28 U.S.C. § 1331, 1441(a); *Grable & Sons Metal Prods, Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).  Specifically, Plaintiff's federal claims arise from 42 U.S.C. § 1983, by which she attempts to sue the aforementioned Defendants for alleged constitutional violations.  Plaintiff's state-law claims arise from the same facts for which she attempts to make federal claims.  This Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.  ". . . [I]f a plaintiff files suit in state court alleging both federal and state claims arising out of the same controversy, the entire action may be removed to federal court. [] Section 1367 allows federal courts to hear state claims that travel with federal claims in the same lawsuit.  It grants supplemental jurisdiction over state claims that do not independently come

DEFENDANTS' NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL

within the jurisdiction of the district court but form part of the same Article III 'case in controversy.'" *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 390, 293 (5th Cir. 2010) (quoting *State Nat'l Ins. Co. v Yates*, 391 F.3d 577, 579 (5th Cir. 2004)) (internal quotation marks and brackets omitted). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims . . . that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

> Suppose a young professor asserts that the public university for which she works has wrongfully denied her tenure. She sues in state court, alleging 42 U.S.C. § 1983 violations alongside breach of contract claims. The university can remove the whole case to federal court. [] Although this permitted removal of state and federal claims is simultaneous, it is useful to view it in two steps: first, a party will use § 1441 to remove the civil action over which federal courts have original jurisdiction; and second, the party will invoke § 1367 to allow the state claims to piggyback the federal claims. In our rebuffed professor's example, the federal question presented under § 1983 provides the necessary original jurisdiction to remove, and the common nucleus shared by the federal and state claims allows the district court to exercise supplemental jurisdiction over the contract claims. Sections 1367 and 1441 are bound together because the professor filed the federal and state claims in a single civil action.

*Halmekangas*, 603 F.3d at 293-94.

5.      Although no return of service has been filed yet, the State of Texas, the Texas Department of Public Safety, the San Felipe Police Department, the City of San Felipe, the Sealy Police Department, the City of Sealy, the Colorado County Sheriff's Office, Colorado County, the Austin County Sheriff's Office, Austin County, the Fayette County Sheriff's Office, and Fayette County join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

6.      Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81.

**DEFENDANTS' NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL**

7.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8.      Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

9.       All Defendants reserve their right to challenge service and do not agree that service was properly made.

10.     Defendants do not agree and/or concede that sovereign immunity has been waived for any Defendant.  By filing this or any other pleading, no Defendant waives any immunity to suit.

## C.
## JURY DEMAND

11.     Plaintiff demanded a jury in the state-court suit.

## D.
## ATTACHMENTS

12.     Pursuant to Local Rule 81, attached as Exhibit A are the issued citations.  No returns have been made.  Attached as Exhibit B is the Petition filed in the state court.  No other pleadings have been filed.  No orders have been signed by the state court judge.  Attached as Exhibit C is the docket sheet from the Colorado County District Clerk's Office.  Attached as Exhibit D is a list of all counsel of record, including addresses, telephone numbers, and parties represented.

## E.
## CONCLUSION

13.     Removal of the present litigation to this Court is proper because the case involves a federal question pursuant to 42 U.S.C. § 1983.  Therefore, this Court has jurisdiction over this case and it may be removed pursuant to 28 U.S.C. § 1441.  This Court may exercise its supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

DEFENDANTS' NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court remove the present litigation to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

/s/ David Iglesias

_____

David Iglesias
Attorney for Austin County and the
Austin County Sheriff's Office
State Bar No. 24051733
HAMPE & IGLESIAS, PLLC
102 North College Avenue, Suite 1400
Tyler, Texas 75702
Telephone: 903-526-6400
diglesias@hampelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2016, a copy of the foregoing was mailed by certified mail, return receipt requested, to the following parties:

David G. Gutierrez, Esq.
State Bar No. 24089801
310 S. St. Mary's #2100
San Antonio, Texas 78205
Tel: (210) 503-2800
david@shumwayvan.com
Attorney for Plaintiff

Larry Simmons
State Bar No. 00789628
GERMER, PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Tel: (713) 830-9864
Attorney for Defendants Fayette County
and the Fayette County Sheriff's Office

**DEFENDANTS' NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL**

Eric Magee
State Bar No. 24007585
ALLISON, BASS & MAGEE, LLP
A.O. Watson House
402 West 12th Street
Austin, Texas 78701
Tel: (512) 482-0701
Attorney for Defendants Colorado County
and the Colorado County Sheriff's Office

Seth Dennis
State Bar No. 00790580
THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711
Tel: (512) 463-2080
Attorney for Defendants the State of Texas
and the Texas Department of Public Safety

Norman Ray Giles
State Bar No. 24014084
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel: (832) 460-4637
Attorney for Defendants the San Felipe Police Department,
the City of San Felipe, the Sealy Police Department,
and the City of Sealy

Alfred Singer
1300 FM 655
Rosharon, Texas 77583
Defendant

                                    /s/ David Iglesias
                                    _____
                                    David Iglesias

DEFENDANTS' NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL