24591

Colorado County - District Clerk

Filed: 12/1/2016 12:47:01 PM
Linda Holman
District Clerk
Colorado County, Texas

Chris Girndt

CAUSE NO. _____

| | |
|---|---|
| BARBARA ORTIZ,<br><br>    PLAINTIFF;<br><br>v.<br><br>ALFRED SINGER, THE STATE OF TEXAS,<br>TEXAS DEPARTMENT OF PUBLIC<br>SAFETY, SAN FELIPE POLICE<br>DEPARTMENT, CITY OF SAN FELIPE,<br>SEALY POLICE DEPARTMENT, CITY OF<br>SEALY, COLORADO COUNTY SHERIFF'S<br>OFFICE, COLORADO COUNTY, AUSTIN<br>COUNTY SHERIFF'S OFFICE, AUSTIN<br>COUNTY, FAYETTE COUNTY SHERIFF'S<br>OFFICE, FAYETTE COUNTY,<br><br>    DEFENDANTS. | IN THE DISTRICT COURT OF THE<br><br>_____ JUDICIAL DISTRICT<br><br>OF COLORADO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BARBARA ORTIZ ("*Plaintiff*"), and files this Original Complaint, and brings this action for compensatory and punitive damages against ALFRED SINGER, THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, THE CITY OF SAN FELIPE, TEXAS, SAN FELIPE POLICE DEPARTMENT, THE CITY OF SEALY, TEXAS, THE SEALY POLICE DEPARTMENT, COLORADO COUNTY, TEXAS, THE COLORADO COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, TEXAS, THE AUSTIN COUNTY SHERIFF'S OFFICE, FAYETTE COUNTY, TEXAS, and THE FAYETTE COUNTY

1

SHERIFF'S OFFICE (collectively "**Defendants**") for causes of action set forth herein, and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff, BARBARA ORTIZ, is an individual who resides in Bexar County, Texas.

2. Defendant, ALFRED SINGER, is an individual who may be served at 1300 FM 655, Rosharon, Texas 77583.

3. Defendant, THE STATE OF TEXAS, is a governmental unit and may be served with process by serving Secretary of State Carlos H. Cascos at 1019 Brazos, Room 105, Austin, Texas 78701.

4. Defendant, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, is a governmental unit and may be served with process by serving Director Steven C. McCraw at 5805 North Lamar Blvd., Austin, Texas 78752.

5. Defendant, THE CITY OF SAN FELIPE, TEXAS, is a governmental unit and may be served with process by serving Mayor Bobby Byars at 927 Sixth Street, San Felipe, Texas 77474.

6. Defendant, SAN FELIPE POLICE DEPARTMENT, is a governmental unit and may be served with process by serving Mayor Bobby Byars at 927 Sixth Street, San Felipe, Texas 77474.

7. Defendant, THE CITY OF SEALY, TEXAS, is a governmental unit and may be served with process by serving Mayor Mark Stolarski at 415 Main Street, Sealy, Texas 77474.

8. Defendant, SEALY POLICE DEPARTMENT, is a governmental unit and may be served with process by serving Chief Chris Noble at 1320 Rexville Road, Sealy, Texas 77474.

9. Defendant, COLORADO COUNTY, TEXAS, is a governmental unit and may be served with process by serving Ty Prause, Colorado County Judge, at 400 Spring St., Room 107, Columbus, Texas 78934.

10. Defendant, COLORADO COUNTY SHERIFF'S OFFICE, is a governmental unit and may be served with process by serving R.H. Wied, Colorado County Sheriff, at 2215 Walnut Street, Columbus, Texas 78934.

11. Defendant, AUSTIN COUNTY, TEXAS, is a governmental unit and may be served with process by serving Tim Lapham, Austin County Judge, at One East Main, Bellville, Texas 77418.

12. Defendant, AUSTIN COUNTY SHERIFF'S OFFICE, is a governmental unit and may be served with process by serving Sheriff Jack W. Brandes at 417 N. Shesley St., Bellville, Texas 77418.

13. Defendant, FAYETTE COUNTY, TEXAS, is a governmental unit and may be served with process by serving Ed Janecka, Fayette County Judge, at 151 N. Washington St., # 301, La Grange, Texas 78945.

14. Defendant, FAYETTE COUNTY SHERIFF'S OFFICE, is a governmental unit and may be served with process by serving Sheriff Keith Korenek at 1646 North Jefferson, La Grange, Texas 78945.

## II. JURISDICTION

15. This action is brought pursuant to TEX. CIV. PRAC. REM. § 101.001, *et. seq.* and 42 U.S.C. § 1983 to redress the violation by Defendants of Barbara Ortiz's rights secured by the Fourth Amendment to the United States Constitution in connection with the shooting and injuring of Plaintiff during a high speed pursuit on a public highway in the State of Texas.

16. The District Courts of Colorado County, Texas, have original jurisdiction over this case pursuant to TEX. CIV. PRAC. REM. § 101.002.

17.     The amount in controversy exceeds the minimal jurisdictional limits of this Court as damages are estimated to be in excess of One Million Dollars ($1,000,000.00). The exercise of this Court's jurisdiction over the Defendants, is, therefore, proper.

18.     The subject matter of this suit arose in Colorado County, where all or a substantial part of the events or omissions giving rise to the claims occurred. Accordingly, venue is proper in Colorado County, Texas, pursuant to TEX. CIV. PRAC. REM. § 101.102.

## III. DISCOVERY LEVEL

19.     Discovery should be conducted under Discovery Control Plan – Level 3, pursuant to TEX. R. Civ. P. § 190.4.

## IV. FACTUAL ALLEGATIONS

20.     At all times referred herein, Trooper Paul Kohleffel was an officer employed by Defendant STATE OF TEXAS and TEXAS DEPARTMENT OF PUBLIC SAFETY, Officer J. Jones was an officer employed by the San Felipe Police Department, John & Jane Doe 1-5 were employed by the San Felipe Police Department, Officer Palmer was employed by the Sealy Police Department, Deputy William Lund was employed by the Colorado County Sheriff's Office, John & Jane Doe 1-5 were employed by the Austin County Sheriff's Office, and John & Jane Doe 1-5 were employed by the Fayette County Sheriff's Office.

21.     At all times herein, Trooper Kohleffel, Officer Jones, Officer Palmer, Deputy Lund, and John & Jane Doe 1-5 were acting under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Texas, the Counties of Austin, Colorado, Fayette, and the cities of San Felipe and Sealy, Texas, and acting within the course and scope of their employment.

4

22.     On December 7th, 2014, Plaintiff was a passenger in a vehicle being driven in the City of San Felipe, Texas.

23.     ALFRED SINGER, the driver of the vehicle, failed to make a full and complete stop at a stop sign while driving on a public highway in the City of San Felipe, Texas.

24.     Officer Jones of THE SAN FELIPE POLICE DEPARTMENT witnessed the traffic violation and initiated a traffic stop of the vehicle.

25.     Negligently and against the will of Plaintiff, ALFRED SINGER failed to stop the vehicle when Officer Jones initiated a traffic stop.

26.     Officer Jones called his dispatch and was negligently and recklessly given permission by the SAN FELIPE POLICE DEPARTMENT to initiate a high speed pursuit of the vehicle.

27.     Officer Jones, against the laws and ordinances applicable to emergency action and with conscious indifference and reckless disregard for the safety of others, continued pursuit of the vehicle onto a crowded highway.

28.     Minutes after the initiation of the traffic stop, Trooper Paul Kohleffel, Officer Palmer, Deputy Lund, and John & Jane Doe 1-5, against the laws and ordinances applicable to emergency action and with conscious indifference and reckless disregard for the safety of others, joined the pursuit of ALFRED SINGER's vehicle.

29.     During the pursuit, Trooper Kohleffel, against the laws and ordinances applicable to emergency action and with conscious indifference and reckless disregard for the safety of others, fired his service weapon into the passenger side door of Mr. Singer's vehicle while travelling on an interstate highway at high speed.

30.     Trooper Kohleffel fired his service weapon approximately thirteen (13) times.

31.   Trooper Kohleffel struck the vehicle at least nine (9) times with bullets fired from his service weapon.

32.   Trooper Kohleffel struck Plaintiff in the head and in the back with bullets fired from his service weapon.

33.   Trooper Kohleffel knew of the presence of passengers in the vehicle being pursued during the incident in question.

34.   Trooper Kohleffel never knew or attempted to confirm the identities of the passengers in the vehicle pursued or their involvement in the crime being committed.

35.   Trooper Kohleffel knew that shooting his service weapon into a vehicle with unidentified passengers while speeding down a highway involves an extreme degree of risk and had actual, subjective awareness of the risk his actions posed, but proceeded with conscious indifference and reckless disregard for the rights, safety and welfare of the passengers in the vehicle, including Plaintiff.

36.   Officer Palmer, Deputy Lund, and John & Jane Doe 1-5 knew of the presence of passengers in the vehicle being pursued during the incident in question.

37.   At no time during the incident in question did Officer Jones, Officer Palmer, Deputy Lund, and John & Jane Doe 1-5 know or attempt to confirm the identities of passengers in the vehicle being pursued.

38.   Trooper Kohleffel, Officer Jones, Officer Palmer, Deputy Lund, and John & Jane Doe 1-5 knew that conducting a high speed chase on a busy highway involved an extreme degree of risk and had actual, subjective awareness of the risk this conduct posed, but proceeded with conscious indifference and reckless disregard to the rights, safety and welfare of others, including Plaintiff, by continuing high speed pursuit of a vehicle for such a long period of time.

39.   Defendants failed to develop and implement proper procedures and guidelines regarding the proper execution of high speed pursuits and the use of deadly force during police pursuits, or discharge of a weapon from a moving vehicle or at a moving vehicle, with full knowledge that this failure involves an extreme degree of risk and had actual, subjective knowledge of the risk their failure posed, but proceeded with conscious indifference and reckless disregard for the rights, safety and welfare of the general public, including Plaintiff.

40.   THE STATE OF TEXAS and THE TEXAS DEPARTMENT OF PUBLIC SAFETY failed to properly train Trooper Paul Kohleffel in proper use of his service weapon, with full knowledge that this failure involves an extreme degree of risk and had actual, subjective knowledge of the risk their failure posed to the general public, but proceeded with conscious indifference and reckless disregard for the rights, safety and welfare of the general public, including Plaintiff.

41.   The incident in question caused Plaintiff to suffer substantial injuries, which caused Plaintiff to seek medical treatment and incur substantial medical bills and suffer significant pain and suffering, permanent bodily injury, permanent cognitive injury, loss of enjoyment of life, and reduced capacity to perform basic daily functions.

42.   At the time of the injury, Ms. Ortiz was pregnant with twins, and, as a result of the injuries sustained, Ms. Ortiz lost one of the twins in utero.

43.   As a result of the loss of this child, Ms. Ortiz has suffered the loss of companionship, support, love, and society she would have otherwise expected from her child.

44.   Defendants' collective actions were not in compliance with the laws and ordinances applicable to emergency actions.

45.   Defendants' collective actions were taken with conscious indifference for the safety of others, namely Plaintiff and her unborn child.

7

46. Defendants' collective actions were taken with reckless disregard for the safety of others, namely Plaintiff and her unborn child.

47. At the time of the fatal shooting, Plaintiff was not posing a threat of serious physical harm to Defendants or to others.

# V. CLAIMS FOR RELIEF

## COUNT I
### NEGLIGENCE AGAINST ALFRED SINGER

48. The allegations in Paragraphs 1 through 47 are re-alleged and incorporated by reference as if fully set forth herein.

49. ALFRED SINGER was operating the vehicle in which Plaintiff was a passenger at the time of the incident.

50. ALFRED SINGER owed Plaintiff a legal duty to drive his vehicle in a safe and alert manner while following all the rules of the road.

51. ALFRED SINGER breached these duties when he failed to stop at the request of Officer Jones from THE SAN FELIPE POLICE DEPARTMENT.

52. ALFRED SINGER'S actions were the proximate cause of the injuries sustained by Plaintiff.

## COUNT II
### EXCESSIVE FORCE AGAINST THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, SAN FELIPE POLICE DEPARTMENT, CITY OF SAN FELIPE, SEALY POLICE DEPARTMENT, CITY OF SEALY, COLORADO COUNTY SHERIFF'S OFFICE, COLORADO COUNTY, AUSTIN COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, FAYETTE COUNTY SHERIFF'S OFFICE, AND FAYETTE COUNTY

53. The allegations in Paragraphs 1 through 52 are re-alleged and incorporated by reference as if fully set forth herein.

54. Plaintiff timely presented her notice of claim to Defendants pursuant to TEX. CIV. PRAC. & REM § 101.101.

55. Defendants are liable under 42 U.S.C. § 1983 because their actions were a violation of an actual, clearly established constitutional right, namely the right against unreasonable search and seizure as protected by the Fourth Amendment to the United States Constitution.

56. Defendants are liable pursuant to TEX. CIV. PRAC. & REM. § 101.001, *et. seq.* because the actions of their agents, servants, and employees caused personal injury to Plaintiff and their actions were not in compliance with the laws and ordinances applicable to emergency action, the actions were taken with actual, subjective awareness of the risk involved with such action, and their actions were taken with conscious indifference and reckless disregard for the safety of Plaintiff.

57. Trooper Kohleffel, Officer Jones, Officer Palmer, Deputy Lund, and John & Jane Doe 1-5 were agents, servants, and employees of Defendants at all times relevant to the incident

58. The Defendants' agents, servants, and employees' actions were the proximate cause of the deprivation of Plaintiff's constitutional rights.

59. The actions of Defendants' agents, servants, and employees were committed while they were acting within the scope of their employment and were committed with the Defendants' general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which the agents, servants, and employees were hired.

60. The Defendants' agents, servants, and employees' actions were the proximate cause of the injuries sustained by Plaintiff.

61. The Defendants' agents, servants, and employees' actions reflect a conscious indifference and reckless disregard to the risk that a violation of a particular constitutional or statutory right against Plaintiff will follow the actions.

62.   Defendants' agents, servants, and employees proceeded with full knowledge that their actions involved an extreme degree of risk and had actual, subjective knowledge of the risk their actions posed to Plaintiff.

63.   The Defendants' agents, servants, and employees' actions reflect a conscious indifference and reckless disregard to the risk that personal injury against Plaintiff will follow the actions.

64.   These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT III
### OFFICIAL POLICY OR CUSTOM AGAINST THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, SAN FELIPE POLICE DEPARTMENT, CITY OF SAN FELIPE, SEALY POLICE DEPARTMENT, CITY OF SEALY, COLORADO COUNTY SHERIFF'S OFFICE, COLORADO COUNTY, AUSTIN COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, FAYETTE COUNTY SHERIFF'S OFFICE, AND FAYETTE COUNTY

65.   The allegations of Paragraphs 1 through 64 are re-alleged and incorporated by reference as if fully set forth herein.

66.   Plaintiff timely presented her notice of claim to Defendants pursuant to TEX. CIV. PRAC. & REM § 101.101.

67.   Defendants are liable under 42 U.S.C. § 1983 because their failure to properly supervise, screen, discipline, transfer, counsel or otherwise control officers who are known, or who should have been known, to engage in the use of excessive force caused the deprivation of Plaintiff's constitutional rights was inflicted pursuant to an official policy or custom of Defendants.

68.   Defendants are liable under TEX. CIV. PRAC. & REM. § 101.001, *et. seq.* because Defendants' failure to properly supervise, screen, discipline, transfer, counsel or otherwise control officers who are known, or who should have been known, to engage in the use of excessive force caused personal injury to Plaintiff and their actions were not in compliance with the laws and

ordinances applicable to emergency action and their actions were taken with conscious indifference and reckless disregard for the safety of others.

69.     The policy or custom was the proximate cause of the deprivation of Plaintiff's constitutional rights.

70.     The policy or custom was the proximate cause of the injuries sustained by Plaintiff.

71.     Defendants' proceeded with the failure with full knowledge that their actions involved an extreme degree of risk and had actual, subjective knowledge of the risk their actions posed to the general public.

72.     The policy of custom reflects a conscious indifference to the risk that a violation of a particular constitutional or statutory right and personal injury will follow the decision.

73.     The policy of custom reflects a reckless disregard to the risk that a violation of a particular constitutional or statutory right and personal injury will follow the decision.

74.     These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT IV
### INADEQUATE TRAINING OR HIRING AGAINST THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, SAN FELIPE POLICE DEPARTMENT, CITY OF SAN FELIPE, SEALY POLICE DEPARTMENT, CITY OF SEALY, COLORADO COUNTY SHERIFF'S OFFICE, COLORADO COUNTY, AUSTIN COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, FAYETTE COUNTY SHERIFF'S OFFICE, AND FAYETTE COUNTY

75.     The allegations of Paragraphs 1 through 74 are re-alleged and incorporation by reference as if fully set forth herein.

76.     Plaintiff timely presented her notice of claim to Defendants pursuant to TEX. CIV. PRAC. & REM § 101.101.

77.     Defendants are liable under 42 U.S.C. § 1983 and TEX. CIV. PRAC. REM. CODE § 101.001, *et. seq.* because (1) the training or hiring procedures of the policymaker were inadequate;

11

(2) the policymaker was consciously indifferent and showed reckless disregard for the safety of others in adopting the hiring or training policy; and (3) the inadequate hiring or training policy directly caused injury to Plaintiff and that injury was reasonably foreseeable.

78.     The lack of training and hiring procedures was the proximate cause of the deprivation of Plaintiff's constitutional rights.

79.     Defendants' proceeded with the lack of training and hiring procedures with full knowledge that their actions involved an extreme degree of risk and had actual, subjective knowledge of the risk their actions posed to the general public.

80.     The lack of training and hiring procedures was the proximate cause of the injuries sustained by Plaintiff.

81.     The lack of training and hiring procedures reflects a conscious indifference to the risk that a violation of a particular constitutional or statutory right and personal injury will follow the decision.

82.     The lack of training and hiring procedures reflects a reckless disregard to the risk that a violation of a particular constitutional or statutory right and personal injury will follow the decision

83.     These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT V
**NEGLIGENCE AGAINST THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, SAN FELIPE POLICE DEPARTMENT, CITY OF SAN FELIPE, SEALY POLICE DEPARTMENT, CITY OF SEALY, COLORADO COUNTY SHERIFF'S OFFICE, COLORADO COUNTY, AUSTIN COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, FAYETTE COUNTY SHERIFF'S OFFICE, AND FAYETTE COUNTY**

84.     The allegations of Paragraphs 1 through 83 are re-alleged and incorporated by reference as if fully set forth herein.

12

85.     Plaintiff timely presented her notice of claim to Defendants pursuant to TEX. CIV. PRAC. & REM § 101.101.

86.     This claim arises from the operation or use of a motor-driven vehicle, and through the use of tangible personal property such that Defendants would be liable to the Petitioner were they a private person, so that sovereign immunity is waived under TEX. CIV. PRAC. & REM. CODE § 101.021, *et. seq.*

87.     Plaintiff timely presented her notice of claim to Defendants, as required by state law.

88.     At all times material, Defendants or their agents, servants, and employees who were in any way connected with the occurrence, were acting within the course and scope of their employment of official duties and in furtherance of the duties of their office or employment.

89.     Defendants owed a legal duty to Plaintiff and Plaintiff's unborn child to not conduct their business in a manner which is against the laws and ordinances of the State of Texas and to not conduct their business with such conscious indifference and with such reckless disregard as to place Plaintiff in danger of injury.

90.     Defendants agents, servants, and employees breached this duty when, with conscious indifference and reckless disregard for the safety of others, agents, servants, and employees of Defendants initiated and continued a high speed pursuit on a busy public highway while operating a motor vehicle.

91.     Defendants agents, servants, and employees breached this duty when, with conscious indifference and reckless disregard for the safety of others, agents, servants, and employees of Defendants used a service weapon to fire several bullets into a vehicle during a high speed pursuit on a busy public highway without the necessary knowledge as to the identity and culpability of the passengers in the vehicle.

92. Defendants' agents, servants, and employees' breaches were the proximate cause of Plaintiff's injury.

93. The injury to Plaintiff was proximately caused by the operation or use of a motor-driven vehicle by agents, servants, and employees of Defendants.

94. Defendants would be personally liable to Plaintiff according to the laws of the State of Texas.

## COUNT VI
### WRONGFUL DEATH AGAINST THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF PUBLIC SAFETY, SAN FELIPE POLICE DEPARTMENT, CITY OF SAN FELIPE, SEALY POLICE DEPARTMENT, CITY OF SEALY, COLORADO COUNTY SHERIFF'S OFFICE, COLORADO COUNTY, AUSTIN COUNTY SHERIFF'S OFFICE, AUSTIN COUNTY, FAYETTE COUNTY SHERIFF'S OFFICE, AND FAYETTE COUNTY

95. The allegations of Paragraphs 1 through 94 are re-alleged and incorporated by reference as if fully set forth herein.

96. Plaintiff timely presented her notice of claim to Defendants pursuant to TEX. CIV. PRAC. & REM § 101.101.

97. The claim arises from the wrongful death of Plaintiff's unborn child, hereinafter referred to as "the decedent", brought by Plaintiff, the decedent's surviving mother, pursuant to TEX. CIV. PRAC. & REM. CODE § 71, *et. seq.*

98. Defendants or their agents, servants, and employees initiated a traffic stop that ended with shots being fired into a vehicle moving at high speed, with no knowledge of the identity or culpability of the passengers inside the vehicle, from a service weapon being operated by Trooper Kohleffel, an agent, servant, and employee of THE STATE OF TEXAS and THE TEXAS DEPARTMENT OF PUBLIC SAFETY, which caused the death of Decedent.

99. The decedent's death and was caused by wrongful, negligent, careless, and unskillful acts of Defendants or their agents, servants, and employees, taken while acting within the course and

14

scope of their employment of official duties and in furtherance of the duties of their office or employment.

100.    The actions of Defendants or their agents, servants, and employees were willful acts of gross negligence.

101.    The conduct of the Defendants or their agents, servants and employees were the proximate cause of the death of the decedent.

102.    If the decedent had survived the actions of Defendants or their agents, servants, and employees, decedent would be entitled to bring action for the injuries suffered.

# VI. DAMAGES

## DAMAGES FOR PERSONAL INJURIES TO PLAINTIFF

103.    The allegations of Paragraphs 1 through 102 are re-alleged and incorporated by reference as if fully set forth herein.

104.    This claim for damages resulting from the actions of Defendants is brought by Plaintiff.

105.    The claim is based upon the facts and legal theories more fully set out herein.

106.    Plaintiff seeks damages for the past and future physical pain and suffering and mental anguish that Plaintiff suffered during the incident in question and for her ongoing physical impairment.

107.    Plaintiff seeks damages for the value of reasonable and necessary medical expenses, which were reasonably incurred because of the wrongful actions of Defendants.

108.    Plaintiff seeks damages for her future pain and suffering, mental anguish, and physical impairment.

109.    Plaintiff seeks damages for past and future loss of earning capacity.

110.    Plaintiff seeks damages within the jurisdictional limits of the court.

## DAMAGES FOR WRONGFUL DEATH OF UNBORN FETUS

111.    The allegations of Paragraphs 1 through 110 are re-alleged and incorporated by reference as if fully set forth herein.

112.    The claim for damages resulting from the wrongful death of Plaintiff's unborn child, hereinafter referred to as "the decedent" is brought by Plaintiff, the decedent's surviving mother, pursuant to TEX. CIV. PRAC. & REM. CODE § 71.001, *et. seq.*

113.    This claim is based upon the facts and legal theories more fully set out herein.

114.    At the time of death, the decedent was in reasonably good health with a normal viability and life expectancy.

115.    The decedent was a viable fetus in the decedent's mother's womb and, once born, could have provided reasonable services to her parent.

116.    Decedent could have provided her parent with joy, happiness and anticipation of all the pleasures that a child can provide to a parent, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for a parent in the future.

117.    As a result of the wrongful death of the decedent, Plaintiff has suffered damages in the past, including termination of the parent-child relationship and severe mental anguish, and will, in reasonable probability, continue to suffer damages in the future as a direct result of the wrongful death of the decedent in an amount to be determined by the jury in this cause.

118.    Plaintiff seeks recovery for all damages to which she may be entitled pursuant to the Texas Wrongful Death Statute, TEX. CIV. PRAC. & REM. CODE § 71.002.

# VII. PUNITIVE DAMAGES

119.    The acts of Defendants as described were intentional, wanton, malicious, and oppressive, and thus entitle Plaintiff to an award of punitive damages in an amount to be determined at trial pursuant to TEX. CIV. PRAC. & REM. CODE § 71.008.

# VIII. ATTORNEYS' FEES

120.    Pursuant to 42 U.S.C. § 1988, Plaintiff requests this court award Plaintiff reasonable and necessary attorneys' fees and expenses which Plaintiff has incurred and will continue to incur during all trial and appellate court proceedings, in an amount to be established by affidavit upon conclusion of the proceedings.

# IX. DEMAND FOR JURY TRIAL

121.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and their rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury.

# X. PRAYER

122.    WHEREFORE, Plaintiff respectfully prays that Defendants be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiff recover a judgement against Defendants for:

>    1. Judgement against the Defendants for Plaintiff's damages, as set forth above, in a sum within the jurisdictional limits of this Court;

>    2. Prejudgment interest on Plaintiff's damages as allowed by law;

>    3. Interest on the judgment at the legal rate from the date of judgement;

>    4. Reasonable and necessary attorney's fees;

>    5. Costs of court; and

17

6. Funeral expenses;

12. Exemplary damages;

13. Such other and further relief to which Plaintiff may be entitled;

Respectfully Submitted,
**SHUMWAY VAN**

*/s/ David G. Gutierrez*
David G. Gutierrez, Esq.
State Bar No. 24089801
310 S. St. Mary's #2100
San Antonio, Texas 78205
Tel: (210) 503-2800
Fax: (210) 503-2888
david@shumwayvan.com
*Attorney for Plaintiff*

18

24591

Colorado County - District Clerk

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____ **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** BARBARA ORTIZ v. STATE OF TEXAS, et. al.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** David G. Gutierrez | **Email:** david@shumwayvan.com | Plaintiff(s)/Petitioner(s): Barbara Ortiz | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| **Address:** 310 S. St. Mary's # 2100 | **Telephone:** 210-503-2800 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** San Antonio, Texas 78205 | **Fax:** 210-503-2888 | Defendant(s)/Respondent(s): See attached addendum. | Custodial Parent: <br><br>Non-Custodial Parent: |
| **Signature:** | **State Bar No:** 24089801 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| *Civil* | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>　☐Consumer/DTPA<br>　☐Debt/Contract<br>　☐Fraud/Misrepresentation<br>　☐Other Debt/Contract:<br>　_____<br>*Foreclosure*<br>　☐Home Equity—Expedited<br>　☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>　_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>　☐Accounting<br>　☐Legal<br>　☐Medical<br>　☐Other Professional<br>　　Liability:<br>　_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>　☐Asbestos/Silica<br>　☐Other Product Liability<br>　　List Product:<br>　_____<br>☒Other Injury or Damage:<br>　Negligence | ☐Eminent Domain/<br>　Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>　_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>　Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>　☐With Children<br>　☐No Children<br><br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>　Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>　of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>　Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>　Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>　_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>　Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>　☐Dependent Administration<br>　☐Independent Administration<br>　☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Rev 2/13

Civil Case Information Sheet (Addendum)

BARBARA ORTIZ v. STATE OF TEXAS, el. Al.

Defendants/Respondents

Alfred Singer, The State of Texas, Texas Department of Public Safety, City of San Felipe, San Felipe Police Department, City of Sealy, Sealy Police Department, Colorado County, Colorado County Sheriff's Office, Austin County, Austin County Sheriff's Office, Fayette County, and Fayette County Sheriff's Office.