IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3708 |
| | § | |
| ALFRED SINGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Barbara Ortiz was the passenger in a car that fled from the police in what became a high-speed car chase. During the chase, Paul Kohleffel, a Texas Department of Public Safety Trooper, allegedly fired 13 gunshots into the vehicle, hitting Ms. Ortiz. Ms. Ortiz sued in December 2016, but she did not name Trooper Kohleffel as a defendant. She amended her complaint in February 2017 and then asserted claims against him.

Trooper Kohleffel has moved to dismiss the claims against him, arguing that the statute of limitations bars the claims. (Docket Entry No. 31). Ms. Ortiz responded. (Docket Entry No. 32). Based on the pleadings, the motion and response, the record, and the applicable law, the court grants the motion to dismiss. Because further amendment would be futile, the dismissal is with prejudice and without leave to amend.

The reasons for this ruling are set out below.

**I.      Background**

In 2014, Barbara Ortiz was a passenger in a car driven by the defendant, Alfred Singer. (Docket Entry No. 28 at ¶ 9). Mr. Singer failed to stop at a stop sign and fled when a San Felipe Police Department officer initiated a traffic stop. (*Id.* at ¶¶ 10–11). A high-speed car chase followed. Texas Department of Public Safety Trooper Paul Kohleffel allegedly fired 13 gunshots

at the fleeing vehicle, hitting the passenger-side door. (*Id.* at ¶¶ 13–18). Bullets hit Ms. Ortiz, who was pregnant with twins, in the head and back. One of the twins died in utero. (*Id.* at ¶¶ 17, 22–24).

On December 1, 2016, Ms. Ortiz sued Mr. Singer, the State of Texas, the Texas Department of Public Safety, and the five cities and counties and their police and sheriff's departments involved in the car chase. (Docket Entry No. 1-2). The defendants moved to dismiss, (Docket Entry Nos. 2, 4, 5, 7, 11), and Ms. Ortiz amended her complaint. In the amended complaint, Ms. Ortiz dropped all the defendants except Mr. Singer and added Trooper Kohleffel. (Docket Entry No. 28). Trooper Kohleffel now moves to dismiss on the basis of limitations.

## II.    The Legal Standard Under Rule 12(b)(6)

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

*Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**III. Analysis**

Ms. Ortiz was injured on December 7, 2014. The Texas personal injury limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Ms. Ortiz filed her original petition within that two-year period on December 21, 2016, (Docket Entry No. 1-2), but filed the amended complaint on February 23, 2017, after limitations expired. (Docket Entry No. 28). Ms. Ortiz concedes that she added Trooper Kohleffel after the limitations period had expired. She argues that the amended complaint relates back to the original complaint.

> Rule 15(c)(1) states that a claim may relate back to an earlier filed complaint when:
> 
> (A) the law that provides the applicable statute of limitations allows relation back;
> 
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
> 
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> 
> > (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > 
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

3

FED. R. CIV. P. 15(c)(1).

Rule 15(c)(1)(A) is not met here because "[t]he Texas personal injury statute of limitations does not provide for relation back when new parties are added." *Saldivar v. Texas Dep't of Assistive & Rehab. Servs.*, Civ. No. H-08-1820, 2009 WL 3386889, at *10 n.4 (S.D. Tex. Oct. 13, 2009) (citing TEX. CIV. PRAC. & REM. CODE § 16.068; *Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004) ("Ordinarily, an amended pleading adding a new party does not relate back to the original pleading.")). Rule 15(c)(1)(B) does not apply because Ms. Ortiz seeks to add a new party. *See id.*; *Chessmore v. Wal-Mart Stores Texas, L.P.*, Civ. No. H-08-1642, 2009 WL 3245413, at *5 (S.D. Tex. Oct. 5, 2009) (Rule 15(c)(1)(B) did not apply because the amended complaint added a new defendant who was not named in the original complaint).

Rule 15(c)(1)(C) applies only when an amendment concerns the conduct, transaction, or occurrence set out in the original pleading and when "[w]ithin 120 days of filing the original complaint—the period provided by Rule 4(m)—the party sought to be added . . . had notice of the action and either kn[ew] or should have known that the action would have been brought against it absent a mistake as to identity." *Saldivar*, 2009 WL 3386889, at *10 n.4. "The Fifth Circuit has interpreted Rule 15(c)(1)(C) to refer 'only to substituting or changing a defendant rather than adding a new defendant,' except in instances involving misnomer of a defendant." *Mitts v. Sikorsky Aircraft Corp.*, No. Civ. A. H-10-5164, 2013 WL 12138546, at *3 (S.D. Tex. Mar. 5, 2013) (quoting *Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 932 (5th Cir. 2010) (per curiam)). Rule 15(c)(1)(C) does not apply if a plaintiff knows when the complaint was first filed who the added defendants were and what their involvement in the case was. *Saldivar*, 2009 WL 3386889, at *10 n.4 (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) ("Of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time.")).

Ms. Ortiz argues that Trooper Kohleffel was on notice of the claims later asserted against him because he is closely related to the parties named in the original complaint and shares counsel with them. She argues that suing those parties put Trooper Kohleffel on notice that he too could be sued. This argument is legally insufficient. First, Ms. Ortiz clearly knew about Trooper Kohleffel and his involvement in the shooting when she filed her complaint against other defendants on December 21, 2016. Her original complaint is full of references to Trooper Kohleffel's conduct, including the same conduct that forms the basis of her amended complaint. (*See* Docket Entry Nos. 1-2, 28). And second, she does not allege or identify mistake in identity. Relation back is not appropriate.

Alternatively, Ms. Ortiz argues that equitable tolling applies to allow her claims against Trooper Kohleffel to proceed. Equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Quintanilla v. A & R Demolition Inc.*, No. Civ. A. H-04-1965, 2006 WL 1663739, at *1 (S.D. Tex. June 13, 2006) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Equitable tolling "applies only in rare and exceptional circumstances." *Id.* (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotation marks omitted). It principally applies "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402). Neither "excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* (citation and internal quotation marks omitted); *see also Sandoz v. Cingular Wireless, L.L.C.*, No. 15-30576, 2017 WL 150486, at *3 (5th Cir. Jan. 13, 2017) (citing *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (self-inflicted delay is not sufficient to warrant equitable tolling). A plaintiff asserting equitable tolling must show that the facts justify applying it, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), because "(1) . . . he has been pursuing his rights

5

diligently, and (2) . . . some extraordinary circumstance stood in his way and prevented timely filing." *Sandoz*, 2017 WL 150486, at *3 (citing *Menominee*, 136 S. Ct. at 755).

Ms. Ortiz has not pleaded any facts showing that rare or exceptional circumstances prevented her from suing Trooper Kohleffel within the statute of limitations. Ms. Ortiz knew Trooper Ortiz's identity and knew that he had fired the shots that caused her injuries. She has not explained why she did not name him in the original petition or add him within the limitations period. Equitable tolling is not appropriate.

Though leave to amend should generally be granted under Federal Rule of Civil Procedure 15(a), Ms. Ortiz's claims against Trooper Kohleffel are barred by the statute of limitations as a matter of law, and any amendment would be futile. The dismissal is with prejudice.

**IV. Conclusion**

The motion to dismiss is granted with prejudice and without leave to amend. (Docket Entry No. 31).

SIGNED on June 9, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge