United States District Court
Southern District of Texas

**ENTERED**

June 23, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BARBARA ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3708 |
| | § | |
| ALFRED SINGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Barbara Ortiz was the passenger in a car that fled from the police in what became a high-speed car chase. During the chase, Paul Kohleffel, a Texas Department of Public Safety Trooper, allegedly fired 13 gunshots into the vehicle, hitting Ortiz. She filed suit in December 2016 in Texas state court. Ortiz asserted Texas state-law claims against the driver of the car, Alfred Singer. (Docket Entry No. 1–2). She also asserted state-law and federal claims against the State of Texas; the Texas Department of Public Safety; and the cities, police departments, and sheriff's offices that were involved in the high-speed car chase. (*Id.*). Some of the defendants removed on the basis of federal-question jurisdiction because Ms. Ortiz asserted § 1983 claims. (Docket Entry No. 1). Ms. Ortiz filed an amended complaint dismissing all of the defendants except Mr. Singer and added Trooper Kohleffel. (Docket Entry No. 28). The court dismissed the claims against Trooper Kohleffel as time-barred. (Docket Entry No. 34). The only claims that remain are Texas state-law claims against Mr. Singer—a non-diverse defendant. (*See* Docket Entry No. 28).

Though Ms. Ortiz has not moved to remand the action to state court, the court may raise the issue of jurisdiction on its own at any time during the litigation. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and

may question it sua sponte at any stage of judicial proceedings."). At the time of removal, the court had original jurisdiction over the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the Texas state-law claims under 28 U.S.C. § 1367(a). Now that all of the federal claims have been dismissed, the court must evaluate whether to retain jurisdiction over the pendent Texas state-law claims. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158 (5th Cir. 2011). The court looks to the factors set forth in 28 U.S.C. § 1367(a) and to the common-law factors of judicial economy, convenience, fairness, and comity. *Id.* (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir.2008) ("no single factor is dispositive"); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In *Enochs,* the Fifth Circuit held that a district court abused its discretion in declining to remand a case under circumstances similar to those present here. 641 F.3d at 163. Clarence Enochs filed suit against Lampasas County in Texas state court, alleging violations of 42 U.S.C. §§ 1983 and 1985 and state law. *Id.* at 157–58. The County removed to federal court, then moved to dismiss the § 1985 claim and the one state-law claim. *Id.* at 157. Enochs responded by simultaneously moving to amend to delete the federal-law claims and to remand. *Id.* The district court granted Enochs's motion to amend, deleting the federal claims, then denied the motion to remand without "re-examin[ing] its jurisdiction over the Texas state law claims." *Id.* at 158. The Fifth Circuit reversed.

The Fifth Circuit noted that 28 U.S.C. § 1367(c)(2)–(3), which permits courts to decline supplemental jurisdiction when "the state claims substantially predominate over the federal claims" and when "the federal claims have been dismissed," clearly weighed in favor of remand. Looking to the common-law factors, that "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Id.* The same is true here. The

parties would not be inconvenienced by having "to duplicate any research, discovery, briefing, hearings, or other trial preparation work" on remand. *Id.* Instead, as in *Enochs*, "it [is] certainly fair to have the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id.* at 160. "Our general rule," the court concluded in *Enochs*, "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* at 161 (quoting *Parker & Parsley Petroleum Co.*, 972 F.2d at 585).

With the dismissal of Trooper Kohleffel, the federal claims are all dismissed. The state-law claims necessarily predominate. 28 U.S.C. § 1367(c)(2)–(3). Given the limited federal-court involvement in the state-law claims, and the fact that the parties will not have to duplicate the work already done, the common-law factors of judicial economy, convenience, fairness, and comity heavily favor remand. *See Enochs*, 641 F.3d at 159.

This case is remanded to the 25th Judicial District Court of Colorado County, Texas.

SIGNED on June 22, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge